UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| NICOLE ARNETTE MACON | ) | CASE: A25-52327-JWC |
| | ) | |
| | ) | |
| **DEBTOR** | ) | |

## CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION AND MOTION TO DISMISS CASE

COMES NOW, Nancy J. Whaley, the Standing Chapter 13 Trustee herein, and objects to Confirmation of the plan for the following reasons:

1.

The Meeting of Creditors was conducted virtually in this case. Without in-person contact, the Chapter 13 Trustee has requested that the Debtor complete and file a completed and signed Debtor Questionnaire on the docket prior to the Meeting of Creditors. The Debtor has failed to file the questionnaire. The Chapter 13 Trustee requests that the Debtor immediately file with the Bankruptcy Court a completed and signed questionnaire. A copy of this form can be found on the Trustee's website www.njwtrustee.com

2.

All related bankruptcy cases, may not have been disclosed in possible violation of 11 U.S.C. Section 1325(a)(3).

3.

The Debtor has failed to file the sixty (60) days of pay advices pursuant to 11 U.S.C. Section 521(a)(1).

4.

The plan as proposed will extend to seventy-two (72) months, which exceeds the sixty (60) months allowed by 11 U.S.C. Section 1322(d).

5.

The Debtor's payments under the proposed plan are not current, thus indicating that this plan is not feasible. 11 U.S.C. Section 1325(a)(6).

6.

The Chapter 13 Trustee is unable to determine the feasibility of the Debtor's Chapter 13 plan because Internal Revenue Service records indicate tax returns have not been filed for the period(s) ending December 31, 2021 through December 31, 2024. The failure to file tax returns for the four (4) year period prior to the filing of the bankruptcy case is in violation of 11 U.S.C. Section 1308.

7.

The Debtor has failed to provide to the Trustee a copy of the 2024 tax return filed with Internal Revenue Service in violation of 11 U.S.C. Section 521(e)(2)(A).

8.

The Trustee requests proof of the Debtor's income from all sources, in order to determine the accuracy and veracity of the plan and/or Schedules. 11 U.S.C. Section 521(a)(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

9.

The Chapter 13 schedules fail to disclose all business assets, in violation of 11 U.S.C. Section 521.

10.

The Debtor's Chapter 13 schedules are inaccurate and/or incomplete; the Trustee is unable to determine either the duration or feasibility of the proposed plan. 11 U.S.C. Section 1322(d) and 11 U.S.C. Section 1325(a)(6). Specifically, the Debtor's income from her self-employed hair business is approximately $3,000.00 to $4,500.00 per month; and the Debtor's income from LYFT is approximately $800.00 to $1,000.00 per week.

11.

The Chapter 13 budget fails to provide for the monthly expense of post-petition income tax liability on self-employment income of $2648.28 per month, and tax escrow slips have not been submitted, thereby indicating the proposed plan is infeasible, 11 U.S.C. Section 1325(a)(6).

12.

The 2016(b) Disclosure Statement and the Chapter 13 plan are inconsistent with regard to the attorney's fees received pre-petition and/or to be paid in the plan in violation of 11 U.S.C. Section 329 and Bankruptcy Rules 2016(b) and 2017.

13.

Official Form 122C-1 fails to disclose all of the Debtor's gross household income received during the six (6) months preceding the filing of this case. 11 U.S.C. Section 101(10A).

14.

The plan fails to correctly treat Dealer Remarketing, Inc., in violation of 11 U.S.C. Section 1322(a) and/or 11 U.S.C. Section 1325(a)(5).

15.

The plan fails to treat the priority debt of Internal Revenue Service, in violation of 11 U.S.C. Section 1322(a) and/or 11 U.S.C. Section 502(a).

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtor's plan, and to dismiss the case.

This the 14th day of April, 2025.

Respectfully submitted,

/s/_____
Julie M. Anania
Attorney for the Chapter 13 Trustee
State Bar No. 477064

# CERTIFICATE OF SERVICE

Case No:  A25-52327-JWC

I certify that on this day I caused a copy of this Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case to be served via United States First Class Mail with adequate postage prepaid on the following parties at the address shown for each:

**Debtor(s)**

NICOLE ARNETTE MACON
1421 SOUTH HICKS CIRCLE NW
CONYERS, GA  30012

I further certify that I have on this day electronically filed the foregoing Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

**Attorney for the Debtor(s):**

BURROW & ASSOCIATES, LLC

This the 14th day of April, 2025.

/s/_____
Julie M. Anania
Attorney for the Chapter 13 Trustee
State Bar No. 477064
303 Peachtree Center Avenue, NE
Suite 120
Atlanta, GA 30303
678-992-1201